UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT SCHAUTZ,

    Petitioner,

v.                                        Case No. 8:07-cv-2248-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
_____/

## O R D E R

Schautz petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for capital sexual battery and lewd and lascivious molestation, for which conviction Schautz serves life. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 5) The respondent offers no challenge to the petition's timeliness.

## **FACTS**[1]

The victim frequently visited Schautz, her neighbor whom she called "Uncle Scotty." The victim was almost four years old and Schautz was twenty-four. During a visit on January 29, 2000, Schautz inserted his finger into the victim's vagina and forced her to touch his penis. Other adults in the home were asleep when the assault occurred. The victim reported the incident to her mother and grandmother, who contacted the police. Schautz maintains his innocence.

---

[1] This summary of the facts derives from Schautz's brief on direct appeal. (Respondent's Exhibit 1)

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002). See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."). Moreover, the phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

In per curiam decisions without a written opinion, the state appellate court on direct appeal affirmed both Schautz's convictions and sentences (Respondent's Exhibit 3) and the denial of his subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 13) The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Schautz bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact, but not to a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). The state court's rejection of Schautz's post-conviction

claims warrants deference in this case.  (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibits 6 and 9)

## INEFFECTIVE ASSISTANCE OF COUNSEL

Schautz claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds.").  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant

- 4 -

decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  466 U.S. at 690.  Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  466 U.S. at 690.

Schautz must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92.  To meet this burden, Schautz must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91.  Schautz cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial . . . .  We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

- 5 -

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Schautz must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

After summarily denying some grounds, the state court conducted an evidentiary hearing and denied the remaining claims of ineffective assistance of counsel with the following introduction.

> The remaining grounds . . . allege ineffective assistance of trial counsel Ursula Richardson ("trial counsel").  When ruling on such claims, the Court must consider (1) whether counsel's performance was deficient and (2) whether the deficient performance prejudiced defendant.  The standard is whether counsel provided "reasonably effective" assistance.  See Strickland v. Washington, 466 U.S. 668 (1984).

(Respondent's Exhibit 9 at 309-10)  Because the state court correctly recognized that Strickland governs each claim of ineffective assistance of counsel, Schautz cannot meet the "contrary to" test in Section 2254(d)(1).  Schautz instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts.

Ground One:

The jury heard the testimony of defense witness Marilyn Royce, who rebutted the prosecution's testimony that other adults in the home were sleeping at the time the victim claims she was assaulted. Schautz alleges that trial counsel rendered ineffective assistance by failing to call two additional witnesses, Paul Royce and Sue McNally. Schautz contends that these two witnesses would have testified that Schautz was not alone with the victim on the date of the alleged assault. The state post-conviction court conducted an evidentiary hearing and rejected this ground (Respondent's Exhibit 9 at 311-12) (references to the record omitted) as follows:

> In ground 4, Defendant alleges ineffective assistance of counsel for failure to call alibi witnesses at trial.
>
> Counsel filed a Notice of Intent to Claim Alibi, which named Paul Royce, Marilyn Royce, and Sue McNally as alibi witnesses. At trial, counsel did not call Paul Royce or Sue McNally to testify. At the evidentiary hearing, trial counsel testified that she made a strategic decision not to call Paul Royce and Sue McNally to testify because she was certain they would be impeached:
>
> [Prosecutor]: You would agree that when you're arguing this to the jury to consider these other people, but again the same questions apply to where was Paul, where was Sue, where was Marilyn. You could have put Paul and Sue on to testify to corroborate what Marilyn had said.
>
> [Trial counsel]: The problem with calling them as witnesses was the deposition testimony.
>
> [Prosecutor]: Okay.
>
> [Trial counsel]: I believe in this particular case, Mr. Royce's testimony was significantly different than Ms. Marilyn Royce's testimony which was a problem. Suzie Rossomondo was a good prosecutor. He was going to be impeached with that testimony.
>
>  . . . .

- 7 -

> [Prosecutor]: Now, you indicated that you made a strategic decision not to call Paul Royce, Sue McNally, as well as the other witnesses from Strawberry Petroleum and McDonald's. Was that based on the fluidity of their testimony in the depositions?
>
> [Trial counsel]: Correct.

The Court finds the testimony of trial counsel credible on this issue.

Counsel's strategic decisions will not be second-guessed on collateral attack and where counsel makes an informed, tactical decision, the Court will find that such a strategy does not constitute deficient performance. See Johnson v. State, 769 So. 2d 990, 1000-1001 (Fla. 2000). Therefore, Defendant is not entitled to relief on ground 4.

Trial counsel must decide which strategic and tactical option to pursue, such as deciding which witness to present. Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) ("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess.") (en banc); Blanco v. Singletary, 943 F.2d 1477, 1495 (11th Cir. 1991) ("The decision as to which witnesses to call is an aspect of trial tactics that is normally entrusted to counsel."). In a federal habeas corpus proceeding this court's duty is not to independently determine the reasonableness of counsel's actions, but "to determine whether the state habeas court was objectively reasonable in its Strickland inquiry." Putnam v. Head, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002). The post-conviction court determined both that the prosecutor would have impeached the additional witnesses and that their testimony would have conflicted with the other defense witness who testified. Consequently, the state court's decision was a reasonable application of Strickland.

Ground Two

Schautz chose not to testify at trial. Schautz alleges that trial counsel misadvised him about the consequences of testifying. The state post-conviction court conducted an evidentiary hearing and rejected this ground (Respondent's Exhibit 9 at 310-11) (references to the record omitted) as follows:

> In ground 2, Defendant alleges ineffective assistance of counsel for misadvising him as to the consequences of testifying, misadvising him not to testify, and failing to call him to testify.
>
> During a recess in Defendant's trial, the Court conducted a colloquy regarding Defendant's decision not to testify, which included the following:
>
> [The jury exits the courtroom.]
>
> The Court:         Okay. Mr. Schautz, are you going to testify in this trial?
>
> [Schautz]:         No, sir.
>
> The Court:         Is that your decision?
>
> [Schautz]:         Yes, sir.
>
> The Court:         Are you comfortable with that decision?
>
> [Schautz]:         Yeah.
>
> The Court:         Are you going to hold that decision against me or [trial counsel] sometime in the future?
>
> [Schautz]:         No.
>
> At the evidentiary hearing, Defendant testified that counsel advised him not to testify but made clear that it was his decision.
>
> [Prosecutor]:      She told you it's your choice whether or not you testified, but it was her opinion that you should not.
>
> [Schautz]:         Yes, ma'am.

- 9 -

> Further, postconviction counsel advised the Court that she could not argue in support of ground 2, stating,
>
> [Trial counsel]: Thank you, Your Honor. At this time, I don't believe ethically I can go forward on the second claim concerning my client being misadvised not to testify by [trial counsel] based on [Schautz's] testimony today.
>
> The Court finds that Defendant has failed to establish that counsel's performance was deficient. Therefore, Defendant is not entitled to relief on ground 2.

Additionally, Schautz complains that he erroneously believed that, if he testified, the prosecution could impeach him with a prior arrest for lewd and lascivious molestation. Trial counsel testified at the evidentiary hearing that she advised Schautz that the prosecution could not reveal to the jury his prior arrest for lewd and lascivious molestation, which was reduced to a misdemeanor, unless he "opened the door." (Respondent's Exhibit 9, vol. II at 571-72) Trial counsel doubted Schautz's ability to endure cross-examination and not "open the door." Schautz fails to show both deficient performance and prejudice. Based on this record, the state court's decision was a reasonable application of Strickland.

Accordingly, Schautz's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Schautz and close this case.

ORDERED in Tampa, Florida, on September 30, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE